```
 1  THOMAS P. O'BRIEN
    United States Attorney
 2  CHRISTINE C. EWELL
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEVEN R. WELK
 4  Assistant United States Attorney
    Chief, Asset Forfeiture Section
 5  ANN LUOTTO WOLF
    Assistant United States Attorney
 6  California Bar No. 137163
         United States Courthouse
 7       411 West Fourth Street, Suite 8000
         Santa Ana, California 92701
 8          Telephone:  (714) 338-3533
            Facsimile:  (714) 338-3708
 9          Email:      ann.wolf@usdoj.gov

10  Attorneys for Plaintiff
    United States of America
11
```

                        UNITED STATES DISTRICT COURT

                    FOR THE CENTRAL DISTRICT OF CALIFORNIA

                              SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO.   SACV 06-378-AHS (MLGx) |
|                           | ) [AND THE FOLLOWING CONSOLIDATED |
|           Plaintiff,      | ) ACTIONS: |
|                           | ) SACV 06-384-AHS (MLGx) |
|           v.              | ) SACV 06-387-AHS (MLGx) |
|                           | ) SACV 06-388-AHS (MLGx) |
| REAL PROPERTY IN GARDEN GROVE, | ) SACV 06-392-AHS (MLGx) |
| CALIFORNIA,               | ) CV 06-2210-AHS (MLGx) |
|                           | ) **CV 06-2212-AHS (MLGx)** |
|           Defendant.      | ) CV 06-2216-AHS (MLGx) |
|                           | ) **CV 06-2217-AHS (MLGx)** |
|                           | ) CV 06-5081-AHS (MLGx) |
| ZNC PLAZA, INC.; EVERTRUST | ) **CV 07-167-AHS (MLGx)** |
| BANK; AGSTAR FINANCIAL    | ) |
| SERVICES; JONG OCK MAO; PLAZA | ) |
| SUNSET INVESTMENTS, LP; ZNC | ) **CONSENT JUDGMENT** |
| ENTERPRISES, LLC; JONG'S  | ) |
| CONSULTING, INC.; WASHINGTON | ) [This document pertains to **CV** |
| MUTUAL BANK; and MORTGAGE | ) **06-2212, CV 06-2217, and CV 07-** |
| ELECTRONIC REGISTRATION   | ) **167, only,** and is being lodged |
| SYSTEMS, INC., and EDWARD LUTT, | ) concurrently with a proposed |
|                           | ) consent judgment in <u>Real</u> |
|           Claimants.      | ) <u>Property in Las Vegas, NV</u>, CV |
|                           | ) 06-2210; the two consent |
| AND CONSOLIDATED ACTIONS. | ) judgments resolve and dispose |
|                           | ) of the remainder of the |
|                           | ) consolidated actions] |

1    On April 11, 2006, plaintiff United States of America
2  ("plaintiff" or the "government") commenced forfeiture actions
3  against:
4      -- a parcel of real property located in La Puente,
5      California, <u>United States v. Real Property in La Puente,</u>
6      <u>California</u>, CV 06-2212-AHS (MLGx) (the "La Puente property
7      action"); and
8      -- a parcel of real property located in Paramount,
9      California, <u>United States v. Real Property in Paramount,</u>
10     <u>California</u>, CV 06-2217-AHS (MLGx) (the "Paramount property
11     action").
12   On January 5, 2007, the government filed a Complaint for
13 Forfeiture against the following seized assets:
14     -- $46,050.41 in bank account funds (the "defendant bank
15     account funds");
16     -- $83,031.00 in U.S. currency (the "defendant currency");
17     and
18     -- various collectable coins and uncut sheets of U.S.
19     currency valued at $22,680.00 (the "collectable coins and
20     sheets").
21 Collectively, the defendant bank account funds, the defendant
22 currency, and the collectable coins and sheets shall be referred
23 to herein as the "seized assets."
24   In each of these consolidated actions, the government alleges
25 that the defendant properties were purchased with proceeds of
26 violations of the Travel Act, 18 U.S.C. § 1952(a), and/or were
27 involved in money laundering transactions, rendering the assets
28 / / /

subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

On May 12, 2006, claimant Edward Lutt ("claimant Lutt") filed a statement of interest in the La Puente property action. On July 10 and 11, 2006, lien-holder claimant Washington Mutual Bank ("claimant WMB") filed a claim and an answer, respectively, in the La Puente property action.

On May 12, 2006, claimant Edward Lutt ("claimant Lutt") filed a statement of interest in the Paramount property action. On June 15, 2006, lien-holder claimant Mortgage Electronic Registrations Systems, Inc. ("claimant MERS") filed a claim and an answer in the Paramount property action.

Claimant Lutt, from whose residence the collectable coins and sheets were seized, asserts that he and/or his immediate family are the sole owners of the collectable coins and sheets. Claimant Lutt filed the only claim to the collectable coins and sheets in the administrative forfeiture proceedings.

No other claims, statements of interest, or answers have been filed in the La Puente property action, the Paramount property action, and the seized assets action, and the time for filing claims, statements, and answers has expired.

The government and claimants have agreed to settle the La Puente property action, the Paramount property action, and the seized assets action and to avoid further litigation.

The Court having been duly advised of and having considered the matter, and based upon the mutual consent of plaintiff and claimants,

/ / /

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Court has jurisdiction over the La Puente property action, the Paramount property action, and the seized assets action pursuant to 28 U.S.C. §§ 1345 and 1355.

2. The Complaints for Forfeiture state claims for relief pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

3. Claimant Lutt is relieved of his duty to file a claim and answer in the seized assets action.

4. Notice of the actions has been given as required by law. Claimants identified herein filed the only claims, statements of interest, and/or answers in the La Puente property action, the Paramount property action, and the seized assets action. The Court deems that all other potential claimants admit the allegations of the Complaints for Forfeiture to be true.

5. The Department of Homeland Security - U.S. Customs and Border Protection ("CBP") shall transfer up to a maximum of $5,000.00 of the defendant currency to claimant MERS to reimburse MERS for its reasonable attorneys' fees, which payment shall be made by a check in an amount up to $5,000.00, made payable to "Pite Duncan, attorney-client trust account," and sent to Michelle A. Mierzwa, Pite Duncan, 525 East Main Street, P.O. Box 12289, El Cajon, California, 92022-2289.

6. Claimants agree to forfeiture as set out below. A judgment of forfeiture is hereby entered in favor of the United States, which shall dispose of the following defendant properties in accordance with the law:

    (A) The defendant bank account funds plus all accrued interest are hereby forfeited to the United States of

|   |   |
|---|---|
| 1 | America, and no other right, title, or interest shall exist |
| 2 | therein. |
| 3 | (B)  $79,231.00 of the defendant currency, less the |
| 4 | amount paid pursuant to paragraph 5 above, plus all accrued |
| 5 | interest is hereby forfeited to the United States of |
| 6 | America, and no other right, title, or interest shall exist |
| 7 | therein. |
| 8 | (C)  Eight U.S. Mint bags of nickels valued at $440.00 |
| 9 | are hereby forfeited to the United States of America, and no |
| 10 | other right, title, or interest shall exist therein. |
| 11 | (D)  Three U.S. Mint bags of half-dollars valued at |
| 12 | $330.00 are hereby forfeited to the United States of |
| 13 | America, and no other right, title, or interest shall exist |
| 14 | therein. |
| 15 | (E)  One U.S. Mint bag of dollar coins valued at |
| 16 | $2,200.00 is hereby forfeited to the United States of |
| 17 | America, and no other right, title, or interest shall exist |
| 18 | therein. |
| 19 | (F)  Twelve uncut BEP sheets of U.S. bills valued at |
| 20 | $1,200.00 are hereby forfeited to the United States of |
| 21 | America, and no other right, title, or interest shall exist |
| 22 | therein. |
| 23 | 7.   The following properties shall be returned to claimant |
| 24 | Lutt: |
| 25 | (A)  $3,800.00 of the defendant currency without |
| 26 | interest; |
| 27 | (B)  Thirty-five U.S. Mint bags of quarters valued at |
| 28 | $6,270.00; and |

```
 1                (C)  Various loose, foreign, collectable, and/or
 2           commemorative coins valued at $12,240.00.
 3       8.    The actions against the La Puente property and the
 4  Paramount property are hereby dismissed.  The government will
 5  record withdrawals of lis pendens within 30 days of the entry of
 6  judgment.
 7       9.    Claimants will execute further documents, to the extent
 8  necessary, to convey clear title to the defendant properties and
 9  to further implement the terms of this Consent Judgment.
10       10.   Claimants hereby release the United States of America,
11  its agencies, officers, and employees, including employees of the
12  Department of Homeland Security, Immigration and Customs
13  Enforcement, the Internal Revenue Service -- Criminal
14  Investigation Division, and CBP, and local law enforcement
15  agencies, their agents, officers, and employees, from any and all
16  claims, actions, or liabilities arising out of or related to
17  these actions, including, except as expressly set forth herein,
18  any claim for attorneys' fees, costs, or interest on behalf of
19  claimants, whether pursuant to 28 U.S.C. § 2465 or otherwise.
20       11.   The Court finds that there was reasonable cause for the
21  institution of these proceedings against the La Puente property,
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /
```

```
 1  the Paramount property, and the seized assets.  This judgment
 2  shall be construed as a certificate of reasonable cause pursuant
 3  to 28 U.S.C. § 2465.
 4  DATED:  March 27, 2009.
 5                                  ALICEMARIE H. STOTLER
                                    _____
                                    THE HONORABLE ALICEMARIE H. STOTLER
 6                                  UNITED STATES DISTRICT JUDGE
 7
 8                                CONSENT
 9       The government and claimants consent to judgment and waive
10  any right of appeal.
11  DATED:  February ___, 2009     THOMAS P. O'BRIEN
                                   United States Attorney
12                                 CHRISTINE C. EWELL
                                   Assistant United States Attorney
13                                 Chief, Criminal Division
                                   STEVEN R. WELK
14                                 Assistant United States Attorney
                                   Chief, Asset Forfeiture Section
15
16                                 _____
                                   ANN LUOTTO WOLF
17                                 Assistant United States Attorney
18                                 Attorneys for Plaintiff
                                   United States of America
19
20  DATED:  January ___, 2009      _____
                                   EDWARD LUTT, Claimant
21
22  DATED:  February ___, 2009     ADORNO, YOSS, ALVARADO & SMITH
23
24                                 _____
                                   SCOTT J. STILMAN
25
                                   Attorneys for JPMorgan Chase
26                                 Bank, N.A., an acquirer of certain
                                   assets and liabilities of Claimant
27                                 Washington Mutual Bank from the
                                   FDIC acting as receiver
28
                                   7
```

```
DATED:  February ___, 2009      PITE DUNCAN, LLP


                                _____
                                JOHN D. DUNCAN
                                PETER J. SALMON
                                MICHELLE A. MIERZWA

                                Attorneys for Claimant
                                Mortgage Electronic Registration
                                Systems, Inc.
```